## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROBERT DALY, individually and on behalf of all other similarly situated, | |
| *Plaintiff*, | |
| v. | Civil Action No.:  1:20-cv-1406 |
| ERIE INSURANCE PROPERTY AND CASUALTY COMPANY, | **JURY TRIAL DEMANDED** |
| *Defendant.* | |

## CLASS ACTION COMPLAINT

Plaintiff Robert Daly ("Plaintiff"), individually and on behalf of the other members of the below-defined nationwide classes (collectively, the "Class"), brings this class action against Defendant Erie Insurance Property and Casualty Company, and in support thereof states the following:

### NATURE OF THE ACTION

1.      Plaintiff Robert Daly owns and operates MS-DC, Inc. d/b/a DC Pizza, a pizzeria restaurant located at 1103 19th Street NW, Washington, D.C. 20036.

2.      To protect Plaintiff's business in the event that he suddenly had to suspend operations for reasons outside of his control, or in order to prevent further property damage, Plaintiff purchased insurance coverage from Erie Insurance Property and Casualty Company ("EPC"), including Business Income, Income Protection, Extra Expense, and Civil Authority coverage, as set forth in EPC's Insuring Agreement for Building(s) – Coverage I, Business Personal Property – Coverage II and Income Protection – Coverage III ("EPC Policy").

3.     Plaintiff's EPC Policy No. Q970777375 became effective on August 19, 2019 and provides for the forthcoming coverages at all times relevant to this action and until August 19. 2020.

4.     EPC's Policy provides "Business Interruption" coverage, whereas EPC promises to pay for "loss or damage caused by or resulting from a peril insured against" including *inter alia,* Income Protection, Extra Expense, and Civil Authority coverages.

5.     Under the "Income Protection" coverage, EPC promises to pay for "loss of income sustained due to partial or total interruption of business" resulting directly from loss of or damage to property on the premises.

6.     Under the "Extra Expense" coverage, EPC promises to pay for "loss of income sustained due to partial or total interruption of business resulting directly from loss of or damage to property on the premises.

7.     Under the "Civil Authority" coverage, EPC promises to pay for "loss of income sustained due to partial or total interruption of business" resulting directly from loss of or damage to property on the premises.

8.     Plaintiff was forced to suspend or reduce his business at DC Pizza due to Orders published by civil authorities in the District of Columbia that required all persons to stay at his or her place of residence except as necessary to perform "essential activities."

9.     Upon information and belief, EPC has, on a widescale and uniform basis, refused to pay its insureds under its Business Interruption, Income Protection, Extra Expense, and Civil Authority coverages for losses suffered due to COVID-19 and/or actions of civil authority(ies) that have required the necessary suspension of business, and any efforts to prevent further property damage or to minimize the suspension of business and continue operations.

10.     Indeed, EPC has denied Plaintiff's claim under his EPC policy.

## JURISDICTION & VENUE

11.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because

Plaintiff and Defendant are citizens of different states, and because (a) the Class consists of at least

100 members, (b) the amount in controversy exceeds $5,000,000.00 exclusive of interest and costs,

and (c) no relevant exceptions apply to this claim.

12.     Venue is proper in this District under 28 U.S.C. § 1391 because Defendant resides

in this district and a substantial portion of the acts and conduct giving rise to the claims occurred

within the District.

## PARTIES

13.     Plaintiff Robert Daly owns and operates DC Pizza, a restaurant located in the

District of Columbia.

14.     Defendant Erie Property and Casualty Insurance Company ("Defendant" or "EPC")

is a commercial insurance carrier admitted to the District of Columbia and is incorporated and

domiciled in the Commonwealth of Pennsylvania, with its principal place of business in Erie,

Pennsylvania.

## FACTS

### A.     *The Income Coverage Form Protecting Plaintiff*

15.     In return for the payment of a premium, EPC issued Policy No. Q970777375 to

Plaintiff for a policy period of August 19, 2019 to August 19, 2020.  A copy of EPC Policy No.

Q970777375. *See*, Exhibit 1.

16.     Plaintiff has performed all of his obligations under Policy No. Q970777375,

including the payment of premiums.

17.     The premises described in EPC's Policy declaration are located at 1103 19th Street NW, Washington, D.C. 20036 ("described premises" or "covered property").

18.     In the EPC Policy provided to Plaintiff, EPC agreed to pay for direct physical loss of or damage to the premises caused by or resulting from a peril against.

19.     Plaintiff's EPC Policy defines "loss" as "direct AND accidental loss of **OR** damage to covered property."

20.     Plaintiff's EPC policy does not exclude or limit coverage for losses from viruses.

21.     Perils due to COVID-19 and/or actions of civil authority(ies) are losses under Plaintiff's EPC Policy.

22.     Pursuant to Plaintiff's EPC Policy, EPC agreed to pay for its insureds' actual loss of "income" sustained and the necessary "extra expense" caused by action of civil authority that prohibits access to the premises. The Civil Authority coverage begins 72 hours after the time of the first action of civil authority that prohibits access to the premises and applies for a period of at least four (4) weeks from the date of which such coverage began.

23.     EPC promised to provide Civil Authority coverage "when a peril insured against causes damage to property other than property at the described premises and agreed to pay for the actual loss of "income" sustained and necessary "extra expense" caused by action of civil authority that prohibits access to the described premises.

24.     In Plaintiff's EPC policy, EPC further promised to pay for actual loss of "income" for an additional sixty (60) days if Plaintiff's "income" is less than Plaintiff's income was prior to the loss.

25.     EPC further promised to pay Plaintiff the actual loss of "income" sustained so long as such income does not exceed the "income" loss sustained, subject to the actual reduction of

"income" during the "interruption of business." EPC further promised to pay $100 per day for a seven (7) day period following the suspension of Plaintiff's business to cover the loss of "income" sustained while Plaintiff determines his actual income protection loss.

26.     EPC additionally agreed to pay the actual income protection loss for the length of time as would be required to resume normal business operations for up to twelve (12) consecutive months from the date of loss.

27.     The loss of "income" payment is not limited by the end of the policy period.

28.     The EPC Policy defines "income" as the sum of net income (net profit or loss before income taxes) that would have been earned or incurred and necessary continuing operating expenses incurred by the business such as payroll expenses, taxes, interests, and rents.

29.     The EPC Policy defines "extra expense" as the necessary expenses incurred by you during the "interruption of business" that would not have been incurred if there had been no direct "loss" to covered property caused by a peril insured against.

30.     The presence of virus or disease can constitute physical damage to property, as the insurance industry has recognized since at least 2006. When preparing so-called "virus" exclusions to be placed in some policies, but not others, the insurance industry drafting arm, ISO, circulated a statement to state insurance regulators that included the following:

> Disease-causing agents may render a product impure (change its quality or substance) or enable the spread of disease by their presence on interior building surfaces or the surfaces of personal property. When disease-causing viral or bacterial contamination occurs, potential claims involve the cost of replacement of property (for example, the milk), cost of decontamination (for example, interior building surfaces), and business interruption (time element) losses. Although building and personal property could arguably become contaminated (often temporarily) by such viruses and bacteria, the nature of the property itself would have a bearing on whether there is actual property damage. An allegation of property damage may be a point of disagreement in a particular case.

31.     EPC had the option to, but did not, include any viral exceptions in Plaintiff's EPC policy.

32.     Losses caused by COVID-19 and/or actions of civil authority(ies) and the related orders issued by local, state, and federal authorities triggered the Income Protection, Extra Expense, Civil Authority, and Sue and Labor provisions of Plaintiff's EPC Policy.

**B.     *The Covered Cause of Loss***

33.     The presence of COVID-19 and/or actions of civil authority(ies) has caused civil authorities throughout the country to issue orders requiring the suspension of business at a wide range of establishments, including civil authorities with jurisdiction over Plaintiff's restaurant (the "Executive Orders").

**1.       The District of Columbia Executive Orders**

34.     On March 16, 2020, the District of Columbia, through the Office of the Mayor, issued Order 2020-048 that specifically prohibited table seating at any restaurant or tavern in the District of Columbia beginning at 10:00 pm that night.

35.     The Order stated that a violation of the Order would result in criminal, civil and administrative penalties.

36.     Since March 16, 2020, the District of Columbia, through the Office of Mayor, has issued additional Orders, including Order 2020-0053, prohibiting table seating or dine-in service at any restaurant or tavern at least until April 24, 2020 and has prohibited any gathering of ten (10) or more persons anywhere, including in a restaurant or tavern.

37.     On May 13, 2020, the District of Columbia, through the Office of the Mayor, extended the aforesaid Executive Orders until, at least, June 8, 2020.

38.     On March 23, 2020 and as a direct and proximate result of the Mayor's March 16, 2020 Order, DC Pizza ceased all operations at the business premises as its patrons could no longer access table or bar seating inside its business premises.

39.     As a further direct and proximate result of the Order, DC Pizza effectively furloughed all of its non-manager employees.

40.     The purpose of Executive Orders Nos. 2020-0048, 2020-053, and 2020-066, respectively, was to continue the District of Columbia's measures to slow the spread of the COVID-19 pandemic.

41.     As of the date of this filing, Plaintiff's business continues to lose income and incur extra expense.

**2.      The Impact of COVID-19 and the Executive Orders**

42.     Executive Orders Nos. 2020-0048, 2020-053, and 2020-066 caused direct or accidental loss of or damage to the premises described under Plaintiff's policy, and the policies of the other Class members, by denying use of, and access to, the premises described in Plaintiff's EPC Policy and thereby caused a necessary suspension of operations.

43.     The Executive Orders, including the issuance of Executive Order Nos. 2020-0048, 2020-053, and 2020-066 prohibited access to Plaintiff's and the other Class members' Covered Premises, as described in their policies, and the area immediately surrounding those premises.

44.     As a result of the presence of COVID-19 and/or the Executive Orders, Plaintiff and the other Class members lost income and incurred extra expense.

45.     On or about March 23, 2020, Plaintiff submitted a claim to EPC under his Policy.

46.     On March 27, 2020, EPC denied Plaintiff's claim, alleging Plaintiff's policy did not provide for loss of income coverage because there is "no direct physical loss" to Plaintiff's

building or business personal property despite EPC's Policy covering losses other than, and in addition to, direct physical losses.

47.     Indeed, EPC has, on a widescale basis with many if not all of its insureds, refused to provide Income Protection, Extra Expense, and Civil Authority coverage due to the Executive Orders and/or COVID-19 resulting in the required suspension of business operations.

## CLASS ACTION ALLEGATIONS

48.     Plaintiff brings this action pursuant to Rules 23(a), 23(b)(1), 23(b)(2), 23(b)(3), and 23(c)(4) of the Federal Rules of Civil Procedure, individually and on behalf of all others similarly situated.

49.     Plaintiff Robert Daly seeks to represent nationwide classes defined as:

- The **"Income Protection Breach Class"** – All persons and entities that: (a) had Income Protection coverage under a property insurance policy issued by EPC; (b) suffered a suspension of their business related to actions of civil authority(ies) and/or COVID-19 at the premises covered by their EPC property insurance policy; (c) made a claim under their property insurance policy issued by EPC; and (d) were denied Income Protection coverage by EPC for the suspension of business resulting from the actions of civil authority(ies) and/or the presence or threat of COVID-19.

- The **"Extra Expense Breach Class"** – All persons and entities that: (a) had Extra Expense coverage under a property insurance policy issued by EPC; (b) sought to minimize the suspension of business in connection with actions of civil authority(ies) and/or COVID-19 at the premises covered by their EPC property insurance policy(ies); (c) made a claim under their property insurance policy issued by EPC; and (d) were denied Extra Expense coverage by EPC despite their efforts to minimize the suspension of their business caused by actions of civil authority(ies) and/or the presence or threat of COVID-19.

- The **"Civil Authority Breach Class"** – All persons and entities that: (a) had Civil Authority coverage under a property insurance policy issued by EPC; (b) suffered loss of Business Income and/or Extra Expense caused by action of a civil authority; (c) made a claim under their property insurance policy issued by EPC; and (d) were denied Civil Authority coverage by EPC for the loss of Business Income and/or Extra Expense caused by actions of civil authority(ies), including *inter alia*, Executive Orders.

8

50.     Plaintiff also seeks to represent nationwide classes defined as:

•       The **"Business Income Declaratory Judgment Class"** – All persons and entities with Business Income coverage under a property insurance policy issued by EPC that suffered a suspension of their business due to actions of civil authority(ies) and/or COVID-19 at the covered premises (the "Business Income Declaratory Judgment Class").

•       The **"Extra Expense Declaratory Judgment Class"** – All persons and entities with Extra Expense coverage under a property insurance policy issued by EPC that sought to minimize the suspension of their business in connection with actions(s) of civil authority(ies) and/or COVID-19 at the premises covered by their EPC property insurance policy.

•       The **"Civil Authority Declaratory Judgment Class"** – All persons and entities with Civil Authority coverage under a property insurance policy issued by EPC that suffered loss of Business Income and/or Extra Expense caused by actions of civil authority(ies), including *inter alia*, Executive Orders.

51.     Excluded from each defined Class is Defendant and any of its members, affiliates, parents, subsidiaries, officers, directors, employees, successors, or assigns; governmental entities; and the Court staff assigned to this case and their immediate family members. Plaintiff reserves the right to modify or amend each of the Class definitions, as appropriate, during the course of this litigation.

52.     This action has been brought and may properly be maintained on behalf of each Class proposed herein under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

53.     **Numerosity—Federal Rule of Civil Procedure 23(a)(1).** The members of each defined Class are so numerous that individual joinder of all Class members is impracticable. While Plaintiff is informed and believes that there are thousands of members of each Class, the precise

number of Class members is unknown to Plaintiff but may be ascertained from Defendant's books

and records. Class members may be notified of the pendency of this action by recognized, Court-

approved notice dissemination methods, which may include U.S. Mail, electronic mail, internet

postings, and/or published notice.

54. **Commonality and Predominance—Federal Rule of Civil Procedure 23(a)(2)**

**and 23(b)(3).** This action involves common questions of law and fact, which predominate over

any questions affecting only individual Class members, including, without limitation:

i. EPC issued insurance policies to the members of the Class in exchange for payment of premiums by the Class members;

ii. whether the Class suffered a covered loss based on the common policies issued to members of the Class;

iii. whether EPC wrongfully denied all claims based on action(s) of civil authority(ies);

iv. whether EPC wrongfully denied all claims caused by COVID-19;

v. whether EPC's Income Protection coverage applies to a suspension of business based on action(s) of civil authority(ies);

vi. whether EPC's Income Protection coverage applies to a suspension of business caused by COVID-19;

vii. whether EPC's Extra Expense coverage applies to efforts to minimize a loss based on action(s) of civil authority(ies);

viii. whether EPC's Extra Expense coverage applies to efforts to minimize a loss caused by COVID-19;

ix. whether EPC has breached its insurance contracts through a blanket denial of all claims based on business interruption, income loss, extra expense, civil authority coverages or closures related to actions of civil authority(ies) and/or COVID-19; and

x. whether Plaintiff and the Class are entitled to an award of reasonable attorney fees, interest and costs.

55. **Typicality—Federal Rule of Civil Procedure 23(a)(3).** Plaintiff's claims are typical of the other Class members' claims because Plaintiff and the other Class members are all similarly affected by Defendant's refusal to pay under its Income Protection, Extra Expense, and Civil Authority coverages. Plaintiff's claims are based upon the same legal theories as those of the other Class members.  Plaintiff and the other Class members sustained damages as a direct and proximate result of the same wrongful practices in which Defendant engaged.

56. **Adequacy of Representation—Federal Rule of Civil Procedure 23(a)(4).** Plaintiff is an adequate Class representative because Plaintiff's interests do not conflict with the interests of the other Class members who she seeks to represent, Plaintiff has retained counsel competent and experienced in complex class action litigation, including successfully litigating class action cases similar to this case, including cases insurers breached contracts with insureds by failing to pay the amounts owed under their policies, and Plaintiff intends to prosecute this action vigorously. The interests of the above-defined Classes will be fairly and adequately protected by Plaintiff and Plaintiff's counsel.

57. **Inconsistent or Varying Adjudications and the Risk of Impediments to Other Class Members' Interests—Federal Rule of Civil Procedure 23(b)(1).** Plaintiff seeks class-wide adjudication as to the interpretation, and resultant scope, of Defendant's Income Protection, Extra Expense, and Civil Authority coverages. The prosecution of separate actions by individual members of the Classes would create an immediate risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for the Defendant. Moreover, the adjudications sought by Plaintiff could, as a practical matter, substantially impair or impede the ability of other Class members, who are not parties to this action, to protect their interests.

58.     **Declaratory and Injunctive Relief—Federal Rule of Civil Procedure 23(b)(2).** Defendant acted or refused to act on grounds generally applicable to Plaintiff and the other Class members, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the Class members.

59.     **Superiority—Federal Rule of Civil Procedure 23(b)(3).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. Individualized litigation creates a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and the court system. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## CLAIMS FOR RELIEF

### COUNT I
### BREACH OF CONTRACT – INCOME PROTECTION COVERAGE
*(Claim Brought on Behalf of the Income Protection Breach Class)*

60.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

61.     Plaintiff brings this Count individually and on behalf of the other members of the Income Protection Breach Class.

62.     Plaintiff's EPC insurance policy, as well as those of the other Income Protection Breach Class members, are contracts under which EPC was paid premiums in exchange for its promise to pay Plaintiff's and the other Income Protection Breach Class members' losses for claims covered by the policy.

63.    In each respective EPC Policy, EPC agreed to pay for its insureds' actual loss of business income sustained due to the necessary suspension of business due to a covered loss. EPC agreed to "pay for loss of business income that occurs within 12 consecutive months after the date of direct physical damage."

64.    "Income" is defined as the sum of net income (net profit or loss before income taxes) that would have been earned or incurred and necessary continuing operating expenses incurred by the business such as payroll expenses, taxes, interests, and rents.

65.    Actions of Civil Authority and/or COVID-19 caused direct and/or accidental loss of or damage to Plaintiff's covered property and the other Income Protection Breach Class members' covered premises, thereby requiring suspension of business at the other Income Protection Breach Class members' covered premises. Losses caused by actions of civil authority and/or COVID-19 thus triggered the Income Protection provision of Plaintiff's and the other Income Protection Breach Class members' EPC insurance policies.

66.    Plaintiff and the other Income Protection Breach Class members have complied with all applicable provisions of their policies and/or those provisions have been waived by EPC or EPC is estopped from asserting them, and yet EPC has abrogated its insurance coverage obligations pursuant to the Policies' clear and unambiguous terms.

67.    By denying coverage for any business income losses incurred by Plaintiff and the other Income Protection Breach Class members in connection with the actions of civil authority(ies) and/or COVID-19, EPC has breached its coverage obligations under the Policies.

68.    As a result of EPC's breaches of the Policies, Plaintiff and the other Income Protections Breach Class members have sustained substantial damages for which EPC is liable, in an amount to be established at trial.

## COUNT II
### BREACH OF CONTRACT – EXTRA EXPENSE COVERAGE
*(Claim Brought on Behalf of the Extra Expense Breach Class)*

69.     Plaintiff incorporates all preceding paragraphs by reference as if fully set forth herein.

70.     Plaintiff brings this Count individually and on behalf of the other members of the Extra Expense Breach Class.

71.     Plaintiff's EPC insurance policy, as well as those of the other Extra Expense Breach Class members, are contracts under which EPC was paid premiums in exchange for its promise to pay Plaintiff's and the other Extra Expense Breach Class members' losses for claims covered by the policy.

72.     In Plaintiff's EPC Policy, EPC also agreed to pay necessary Extra Expense that its insureds incur during the "period of restoration" "due to damage by a covered cause of loss" to the Covered Property.

73.     "Extra Expense" means the necessary expenses incurred by you during the "interruption of business" that would not have been incurred if there had been no direct "loss" to covered property caused by a peril insured against.

74.     Due to actions of civil authority(ies) and/or COVID-19, Plaintiff and the other members of the Extra Expense Breach Class incurred Extra Expense at the covered property(ies).

75.     Plaintiff and the other members of the Extra Expense Breach Class have complied with all applicable provisions of the Policies and/or those provisions have been waived by EPC or EPC is estopped from asserting them, and yet EPC has abrogated its insurance coverage obligations pursuant to the Policies' clear and unambiguous terms.

76.     By denying coverage for any business losses incurred by Plaintiff and the other members of the Extra Expense Breach Class in connection with the actions of civil authority(ies) and/or COVID-19, EPC has breached its coverage obligations under the Policies.

77.     As a result of EPC's breaches of the Policies, Plaintiff and the other members of the Extra Expense Breach Class have sustained substantial damages for which EPC is liable, in an amount to be established at trial.

**COUNT III**
**BREACH OF CONTRACT – CIVIL AUTHORITY COVERAGE**
*(Claim Brought on Behalf of the Civil Authority Breach Class)*

78.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

79.     Plaintiff brings this Count individually and on behalf of the other members of the Civil Authority Breach Class.

80.     Plaintiff's EPC insurance policy, as well as those of the other Civil Authority Breach Class members, are contracts under which EPC was paid premiums in exchange for its promise to pay Plaintiff's and the other Civil Authority Breach Class members' losses for claims covered by the policy.

81.     Under Plaintiff's EPC Policy's Civil Authority coverage provision, EPC promised to pay "when a peril insured against causes damage to property other than property at the described premises and agreed to pay for the actual loss of "income" sustained and necessary "extra expense" caused by action of civil authority that prohibits access to the described premises.

82.     The actions of civil authority(ies) triggered the Civil Authority provision under Plaintiff's and the other members of the Civil Authority Breach Class's EPC insurance policies.

83.     Plaintiff and the other members of the Civil Authority Breach Class have complied with all applicable provisions of the Policies and/or those provisions have been waived by EPC or EPC is estopped from asserting them, and yet EPC has abrogated its insurance coverage obligations pursuant to the Policies' clear and unambiguous terms.

84.     By denying coverage for any business losses incurred by Plaintiff and other members of the Civil Authority Breach Class in connection with the actions of civil authorty(ies) and/or COVID-19, EPC has breached its coverage obligations under the Policies.

85.     As a result of EPC's breaches of the Policies, Plaintiff and the other members of the Civil Authority Breach Class have sustained substantial damages for which EPC is liable, in an amount to be established at trial.

## COUNT IV
### DECLARATORY JUDGMENT – INCOME PROTECTION COVERAGE
*(Claim Brought on Behalf of the Income Protection Declaratory Judgment Class)*

86.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

87.     Plaintiff brings this Count individually and on behalf of the other members of the Income Protection Declaratory Judgment Class.

88.     Plaintiff's EPC insurance policy, as well as those of the other Income Protection Declaratory Judgment Class members, are contracts under which EPC was paid premiums in exchange for its promise to pay Plaintiff's and the other Income Protection Declaratory Judgment Class members' losses for claims covered by the Policy.

89.     Plaintiff and the other Income Protection Declaratory Judgment Class members have complied with all applicable provisions of the Policies and/or those provisions have been waived by EPC or EPC is estopped from asserting them, and yet EPC has abrogated its insurance

coverage obligations pursuant to the Policies' clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiff and other members of the Income Protection Declaratory Judgment Class are entitled.

90.     EPC has denied claims related to actions of civil authority(ies) and/or COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

91.     An actual case or controversy exists regarding Plaintiff's and the other Income Protection Declaratory Judgment Class members' rights and EPC's obligations under the Policies to reimburse them for the full amount of business income losses incurred by Plaintiff and the other Income Protection Declaratory Judgment Class members in connection with the suspension of their businesses stemming from the actions of civil authority(ies) and/or COVID-19.

92.     Pursuant to 28 U.S.C. § 2201, Plaintiff and the other Income Protection Declaratory Judgment Class members seek a declaratory judgment from this Court declaring the following:

i.     Plaintiff's and the other Income Protection Declaratory Judgment Class members' business income losses incurred in connection with the actions of civil authority(ies) and/or COVID-19 and the necessary suspension of their businesses stemming from the actions of civil authority(ies) and/or COVID-19 are insured losses under their Policies; and

ii.     EPC is obligated to pay Plaintiff and the other Income Protection Declaratory Judgment Class members for the full amount of the income losses incurred and to be incurred in connection with the actions of civil authority(ies) and/or COVID-19 during the period of restoration and the necessary suspension of their businesses stemming from the actions of civil authority(ies) and/or COVID-19.

## COUNT V
### DECLARATORY JUDGMENT – EXTRA EXPENSE COVERAGE
*(Claim Brought on Behalf of the Extra Expense Declaratory Judgment Class)*

93.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

94.     Plaintiff brings this Count individually and on behalf of the other members of the Extra Expense Declaratory Judgment Class.

95.     Plaintiff's EPC insurance policy, as well as those of the other Extra Expense Declaratory Judgment Class members, are contracts under which EPC was paid premiums in exchange for its promise to pay Plaintiff's and the other Extra Expense Declaratory Judgment Class members' losses for claims covered by the Policy.

96.     Plaintiff and the other Extra Expense Declaratory Judgment Class members have complied with all applicable provisions of the Policies and/or those provisions have been waived by EPC or EPC is estopped from asserting them, and yet EPC has abrogated its insurance coverage obligations pursuant to the Policies' clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiff and the other members of the Extra Expense Declaratory Judgment Class are entitled.

97.     EPC has denied claims related to the necessary suspension of businesses of their stemming from the actions of civil authority(ies) and/or COVID-19 on a uniform and class wide basis, without individual bases or investigations, such that the Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

98.     An actual case or controversy exists regarding Plaintiff's and the other Extra Expense Declaratory Judgment Class members' rights and EPC's obligations under the Policies to reimburse Plaintiff and the other Extra Expense Declaratory Judgment Class members for the full amount of Extra Expense losses incurred by them in connection with the necessary suspension of their businesses stemming from the actions of civil authority(ies) and/or COVID-19.

99.     Pursuant to 28 U.S.C. § 2201, Plaintiff and the other Extra Expense Declaratory Judgment Class members seek a declaratory judgment from this Court declaring the following:

i.  Plaintiff's and the other Extra Expense Declaratory Judgment Class members' Extra Expense losses incurred in connection with the necessary suspension of their businesses stemming from the actions of civil authority(ies) and/or COVID-19 are insured losses under their Policies; and

ii.  EPC is obligated to pay Plaintiff and the other Extra Expense Declaratory Judgment Class members for the full amount of the Extra Expense losses incurred and to be incurred in connection with the covered losses related to the actions of civil authority(ies) and/or COVID-19 the necessary suspension of their businesses stemming from the actions of civil authority(ies) and/or COVID-19.

## COUNT VI
### DECLARATORY JUDGMENT – CIVIL AUTHORITY COVERAGE
*(Claim Brought on Behalf of the Civil Authority Declaratory Judgment Class)*

100.  Plaintiff incorporates all preceding paragraphs by reference as if fully set forth herein.

101.  Plaintiff brings this Count individually and on behalf of the other members of the Civil Authority Declaratory Judgment Class.

102.  Plaintiff's EPC insurance policy, as well as those of the other Civil Authority Declaratory Judgment Class members, are contracts under which EPC was paid premiums in exchange for its promise to pay Plaintiff's and the other Civil Authority Declaratory Judgment Class members' losses for claims covered by the Policy.

103.  Plaintiff and the other Civil Authority Declaratory Judgment Class members have complied with all applicable provisions of the Policies and/or those provisions have been waived by EPC or EPC is estopped from asserting them, and yet EPC has abrogated its insurance coverage obligations pursuant to the Policies' clear and unambiguous terms and has wrongfully and illegally refused to provide coverage to which Plaintiff and other members of the Civil Authority Declaratory Judgment Class members are entitled.

104.  EPC has denied claims related to the actions of civil authority(ies) and/or COVID-19  on a uniform and class wide basis, without individual bases or investigations, such that the

Court can render declaratory judgment irrespective of whether members of the Class have filed a claim.

105.    An actual case or controversy exists regarding Plaintiff and the other Civil Authority Declaratory Judgment Class members' rights and EPC's obligations under the Policies to reimburse Plaintiff and the other Civil Authority Declaratory Judgment Class members for the full amount of covered Civil Authority losses incurred by Plaintiff and the other Civil Authority Declaratory Judgment Class members in connection with the actions of civil authority(ies) and/or COVID-19.

106.    Pursuant to 28 U.S.C. § 2201, Plaintiff and the other Civil Authority Declaratory Judgment Class members seek a declaratory judgment from this Court declaring the following:

    iii.  Plaintiff's and the other Civil Authority Declaratory Judgment Class members' Civil Authority losses incurred in connection with the necessary suspension of their businesses stemming from the actions of civil authority(ies) and/or COVID-19 are insured losses under their Policies; and

    iv.  EPC is obligated to pay Plaintiff and the other Civil Authority Declaratory Judgment Class members the full amount of the Civil Authority losses incurred and to be incurred the covered losses related to the actions of civil authority(ies) and/or COVID-19 the necessary suspension of their businesses stemming from the actions of civil authority(ies) and/or COVID-19.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other Class members, respectfully requests that the Court enter judgment in her favor and against Defendant as follows:

    a.  Entering an order certifying the proposed nationwide Classes, as requested herein, designating Plaintiff as Class representative, and appointing Plaintiff's undersigned attorneys as Counsel for the Classes;

    b.  Entering judgment on Counts I-III in favor of Plaintiff and the members of the Income Protection Breach Class, the Extra Expense Breach Class, and the Civil Authority

Breach Class; and awarding damages for breach of contract in an amount to be determined at trial;

c.   Entering declaratory judgments on Counts IV-VI in favor of Plaintiff and the members of the Income Protection Declaratory Judgment Class, the Extra Expense Declaratory Judgment Class, and the Sue and the Civil Authority Declaratory Judgment Class as follows:

    i.   Income Protection, Extra Expense, and Civil Authority, losses incurred in connection with incurred in connection with the necessary suspension of their businesses stemming from the actions of civil authority(ies) and/or COVID-19 are insured losses under their Policies; and

    ii.   EPC is obligated to pay for the full amount of the business income, extra expense, and civil authority losses incurred and to be incurred the necessary interruption of their businesses stemming from the actions of civil authority(ies) and/or COVID-19.

d.   Ordering Defendant to pay both pre-judgment and post-judgment interest on any amounts awarded;

e.   Ordering Defendant to pay attorneys' fees and costs of suit; and

f.   Ordering such other and further relief as may be just and proper.

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all claims so triable.


Dated: May 17, 2020.

                     Respectfully submitted,

                     */s/ Michael A. Yoder*
                     Michael A. Yoder
                     SLOCUMB LAW FIRM, LLC
                     1225 Eye Street NW, Suite 550A
                     Washington, D.C. 20005
                     Tel: (202) 737-4141
                     Fax: (202) 930-0941
                     myoder@slocumblaw.com

/s/ *Michael W. Slocumb*
Michael W. Slocumb
SLOCUMB LAW FIRM, LLC
145 E. Magnolia Ave, Suite 201
Auburn, AL 36830
Tel: (334) 741-4110
Fax: (202) 930-0941
mike@slocumblaw.com

**Counsel for Plaintiff**
**and the Proposed Classes**