UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ROBERT DALY, individually and on behalf of all similarly situated,** | * | |
| | * | |
| *Plaintiff*, | | |
| v. | * | Case No.: 1:29-cv-1406 |
| **ERIE INSURANCE PROPERTYAND**. **CASUALTY COMPANY** | * | Judge Rudolph Contreras |
| | * | |
| *Defendant*. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

<u>**ERIE INSURANCE PROPERTY AND CASUALTY COMPANY'S**</u>
<u>**MOTION TO DISMISS, WITH MEMORANDUM OF POINTS AND AUTHORITIES**</u>

Defendant Erie Insurance Property and Casualty Company, through counsel, pursuant to FED. R. CIV. P. 12(b)(6) and Local Rule 7(a), moves to dismiss the Class Action Complaint, and states as follows:

## INTRODUCTION

Neither Plaintiff nor Erie Insurance Property and Casualty Company are parties to the insurance contract that Plaintiff seeks to enforce. Robert Daly is not a "Named Insured" under the Policy, and therefore has no standing to litigate legal interests that are not his own. Moreover, Erie Insurance Property and Casualty Company did not issue the Policy, and therefore cannot be bound by it. Dismissal is therefore appropriate.

## STANDARD OF REVIEW

Under Rule 12(b)(6), a defendant may move to dismiss a claim because the plaintiff has failed to state a claim upon which relief can be granted. To withstand dismissal, "a court must first take note of the elements a plaintiff must plead to state the claim to relief, and then determine whether the plaintiff has pleaded those elements with adequate factual support to state a claim to

relief that is plausible on its face." *VoteVets Action Fund v. United States VA*, 414 F. Supp. 3d 61, 66-67 (D.D.C. 2019) (internal citations omitted). "In deciding a motion under Rule 12(b)(6), a court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits or incorporated by reference and matters about which the court may take judicial notice." *Id; Richardson v. Sauls*, 319 F. Supp. 3d 52, 61 (D.D.C. 2018). Before discovery, courts "must accept all the well-pleaded factual allegations of the complaint as true and draw all reasonable inferences from those allegations in the plaintiff's favor." *VoteVets Action Fund,* 414 F. Supp. 3d at 67. However, courts may not assume the truth of "mere conclusory statements" or "draw inferences that are implausible based on the facts alleged." *Id; Iqbal*, 556 U.S. at 678. "Nor must [courts] accept as true the complaint's factual allegations insofar as they contradict exhibits to the complaint or matters subject to judicial notice." *Kaempe v. Myers*, 367 F.3d 958, 963, 361 U.S. App. D.C. 335 (D.C. Cir. 2004). Finally, "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007).

## ARGUMENT

Plaintiff's claims are based upon "EPC Policy No. Q970777375," effective August 19, 2019-20. Complaint, at ¶ 3. A complete copy of Policy No. Q970777375 is attached as <u>Exhibit 1</u>. *See* <u>Exhibit 2</u>, Morgason Affidavit.[1]  As clearly reflected in the Policy Declarations, MZ-DC Inc. d/b/a DC Pizza, is the Named Insured, and Erie Insurance Exchange issued the policy. Neither Plaintiff, Robert Daly, nor Defendant, Erie Insurance Property & Casualty Company, are parties to the insurance contract. *Id.*

---

[1] Plaintiff has attached only the Ultrapack Plus Commercial Property Form as Exhibit A to the Complaint, not the complete policy.

I. **Plaintiff Lacks Standing To Assert Claims Under The Policy.**

Plaintiff alleges that he is a party to the insurance contract because Erie Insurance Property and Casualty Company issued the Policy to him. *See* Compliant at ¶ 15. However, this allegation is directly contradicted by the Policy Declarations. Exhibit 1, Policy No. Q970777375. "MZ-DC INC D/B/A DC PIZZA" is the only Named Insured. *Id*; Exhibit 2, Morgason Affidavit, ¶ 3. Moreover, there is nothing in the Policy reflecting the parties' intent to benefit Robert Daly; in fact, "Robert Daly" is not referenced or identified anywhere in the Policy. *Id.*

"It is a fundamental principle of contract law that parties to a contract may bind only themselves and … may not bind a third person who is not a party to the contract" *United States ex rel. Tenn. Valley Marble Holding Co. v. Grunley Constr.*, 433 F. Supp. 2d 104, 114 (D.D.C. 2006); *Cecilia Schwaber Tr. Two v. Hartford Accident & Indem., Co.*, 437 F. Supp. 2d 485, 489 (D. Md. 2006) (granting motion to dismiss as to Plaintiff who was not named insured because "[a] contract cannot be enforced by or against a person who is not a party to it"); *Tubize Chatillon Corp. v. White Transp. Co.*, 11 F. Supp. 91, 98 (D. Md. 1935) ("It is a broad general principle of the law of contracts that suits thereon may ordinarily be brought only by the parties thereto"). Robert Daly is not a party to the insurance contract, and dismissal of his Complaint is necessary and appropriate.

II. **Erie Insurance Property and Casualty Company Is Not A Proper Defendant.**

Plaintiff also filed suit against the wrong defendant. Erie Insurance Property and Casualty Company is not a party to the insurance contract that Plaintiff seeks to enforce. As reflected in the Policy Declarations, Erie Insurance Exchange alone issued the Policy in question, making it the only proper defendant. *See* Exhibit 1, Policy No. Q970777375; Exhibit 2, Morgason Affidavit, ¶ 4. *See McGee v. Ward Mem'l African Methodist Episcopal Church*, 346 F. Supp. 3d 131, 141 (D.D.C. 2018) (dismissing the insured's claims against Erie Indemnity as "legally insufficient"

because the policy was "a contract between Erie Insurance Exchange and [the insured], not Erie Indemnity"). Accordingly, Plaintiff's claims against Erie Insurance Property and Casualty Company must be dismissed.

## CONCLUSION

The insurance policy at issue cannot be enforced by Plaintiff, or against Erie Insurance Property and Casualty Company, as neither are parties to the contract. Dismissal of Plaintiff's Complaint is therefore appropriate.[2]

Respectfully submitted,

*/s/ Jessica E. Pak*
JESSICA E. PAK (Bar No. 1031546)
GEORGE E. REEDE, JR. (Bar No. 430462)
Niles, Barton & Wilmer, LLP
111 South Calvert Street, Suite 1400
Baltimore, MD   21202
(410) 783-6372 (Phone)
(410) 783-6497 (Fax)
jepak@nilesbarton.com
gereede@nilesbarton.com
*Attorneys for Defendant*

---

[2] Defendant would consent to amendment of the Complaint to name the appropriate parties. Significantly, substitution of "MZ-DC Inc d/b/a DC Pizza" as Plaintiff, and Erie Insurance Exchange as Defendant, would not affect jurisdiction; based upon the allegations of the Complaint, the amount in controversy exceeds $5,000,000.00, and a member of the class of plaintiffs would be a citizen of a state different from Erie Insurance Exchange. 28 U.S. Code § 1332(d)(2).

## POINTS AND AUTHORITIES

1. 28 U.S. Code § 1332(d)(2)

2. Fed. R. Civ. P. 5(a)

3. Fed. R. Civ. P. 12(b)(6)

4. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)

5. *Bell Atl. Corp. v. Twombly*, 550 U.S. 545 (2007)

6. *Cecilia Schwaber v. Hartford Accident & Indem., Co.*, 437 F. Supp. 2d 485 (D. Md. 2006)

7. *Kaempe v. Myers*, 367 F.3d 958, 361 U.S. App. D.C. 335 (D.C. Cir. 2004)

8. *McGee v. Ward Mem'l African Methodist Episcopal Church*, 346 F. Supp. 3d 131 (D.D.C. 2018)

9. *Richardson v. Sauls*, 319 F. Supp. 3d 52 (D.D.C. 2018)

10. *Tubize Chatillon Corp. v. White Transp. Co.*, 11 F. Supp. 91 (D. Md. 1935)

11. *United States ex rel. Tenn. Valley Marble Holding Co. v. Grunley Constr.*, 433 F. Supp. 2d 104 (D.D.C. 2006)

12. *VoteVets Action Fund v. United States VA*, 414 F. Supp. 3d 61, 66-67 (D.D.C. 2019)

                                              */s/ Jessica E. Pak*
                                              Jessica E. Pak (#1031546)

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 8th day of July 2020, true and correct copies of the foregoing Defendant's Motion to Dismiss and Memorandum of Points and Authorities, and a proposed Order were served via ECF upon all counsel of record pursuant to Fed. R. Civ. P. 5(a) and Local Rule 49.

                                                     */s/ Jessica E. Pak*
                                                     Jessica E. Pak (#1031546)